IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES VINSON,

                     Petitioner,                       OPINION and ORDER

  v.

                                                              20-cr-13-jdp

UNITED STATES OF AMERICA,                 21-cv-710-jdp

                     Respondent.

---

James Vinson pleaded guilty to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841. I sentenced him to an 11-year term of imprisonment to be followed by six years of supervised release. Vinson did not appeal. He now moves to vacate his sentence under 28 U.S.C. § 2255 on the ground that the federal prosecutor, solely out of vindictiveness, sought a more serious charge than was warranted.

The case is before the court for screening under Rule 4 of the Rules Governing Section 2255 Cases, which requires me to dismiss the petition if it plainly appears that Vinson is not entitled to relief. Put another way, I must evaluate whether Vinson's petition crosses "some threshold of plausibility" before I require the government to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Because he did not appeal, Vinson procedurally defaulted on his claim, and his petition does not suggest that he was plausibly the victim of prosecutorial vindictiveness. I will dismiss his petition.

BACKGROUND

I draw the following facts from Vinson's petition and exhibits, Dkt. 65, and filings from his criminal case.[1]

Vinson was originally indicted for a single count of distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Dkt. 2. The charge, by itself, would carry a mandatory minimum sentence of five years. *See* 21 U.S.C.S. § 841(b)(1)(B). But the government sought an enhanced penalty based on Vinson's 2016 state conviction for possession with intent to deliver methamphetamine. The government filed notice of the prior conviction under § 851, Dkt. 17, and an information, Dkt. 16, charging possession with intent to deliver 50 grams or more of a mixture or substance containing methamphetamine after being convicted of a serious drug felony. Vinson faced a prison term of ten years to life. Vinson agreed to plead guilty to the information. Dkt. 19.

At a combined plea and sentencing hearing, I raised concerns about the application of the enhancement in light of recent Seventh Circuit precedent. I continued the hearing to allow the parties to brief whether Vinson's state conviction qualified as a "serious drug felony" as that term is used in § 841(b). After briefing, I concluded that Vinson's conviction was *not* a serious drug felony. *See* Dkt. 37.

Meanwhile, the government completed testing of the charged methamphetamine, which was substantially pure. So the government filed a superseding indictment charging one count of distributing 50 grams or more of (pure) methamphetamine. Dkt. 48. The new charge carried a mandatory minimum of ten years in prison. Vinson agreed to plead to the new

---

[1] Docket citations are to Case No. 20-cr-13 except where noted.

charge, Dkt. 50, and I sentenced Vinson to 11 years in prison to be followed six years of supervised release, Dkt. 56.

## ANALYSIS

Vinson seeks to vacate his sentence on the ground that the government sought a superseding indictment with a more serious charge out of prosecutorial vindictiveness. A claim of vindictive prosecution can be grounds for habeas relief. *See, e.g.*, *Williams v. Bartow*, 481 F.3d 492, 501 (7th Cir. 2007). But there are two problems with Vinson's petition. First, it appears that Vinson procedurally defaulted on his claim. A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Vinson did not move to dismiss the superseding indictment due to vindictive prosecution—or make any argument relating to vindictive prosecution—prior to sentencing. Vinson also could have raised the issue on appeal, but he did not appeal his conviction or sentence.

Vinson could overcome the default if he could show good cause for failing to raise the defaulted claims and actual prejudice, or if he could show that he is actually innocent. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). But even if Vinson could overcome the default, I would dismiss his petition for a second reason: his vindictive prosecution claim fails on the merits.

The Constitution prohibits the government from undertaking a prosecution based solely on a vindictive motive, including a desire to penalize a defendant for exercising their legal rights. *United States v. Jarrett*, 447 F.3d 520, 524 (7th Cir. 2006) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). Vinson was initially indicted for distributing 50 grams or

more of a substance with a detectable amount of methamphetamine; the superseding indictment charged distributing 50 grams or more of methamphetamine. Vinson says that the government completed testing in March 2020 but didn't file a superseding indictment until seven months later, after I ruled that Vinson's prior conviction was not a "serious drug felony." Vinson contends, reasonably, that the government sought the superseding indictment for a more serious underlying offense only after it could no longer seek a sentence enhancement based on Vinson's criminal history.

But Vinson is plainly not entitled to relief on these facts. A prosecutor's decision to seek increased or additional charges before trial is presumed valid. *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003). That is because "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *United States v. Goodwin*, 457 U.S. 368, 382 (1982). To overcome that presumption, Vinson must show that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication. *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir.1996).

Vinson contends that the government sought a superseding indictment to retaliate against him for contesting the sentence enhancement based on his criminal history. But Vinson does not have any evidence of vindictiveness or retaliatory intent. Timing alone does not indicate prosecutorial animus. *Falcon*, 347 F.3d at 1005. A defendant must identify some evidence in addition to timing that the prosecutors harbored ill will against him. *See id.*; *United States v. Rihota*, 792 F.3d 837, 840 (7th Cir. 2015) (standing alone, prosecutor's decision to seek additional charges after the court granted a motion to suppress evidence did not indicate prosecutorial vindictiveness).

The government may seek increased or additional charges to ensure that a defendant is "fully punish[ed]" for their crimes. *Falcon*, 347 F.3d at 1005; *see also Goodwin*, 547 U.S. at 380 ("[a]n initial indictment . . . does not necessarily define the extent of the legitimate interest in prosecution."). If the government believed that Vinson's conduct merited a minimum of ten years in prison, it was entitled to change its charging strategy to accomplish that result after my ruling on the predicate offense for the § 851 enhancement. It would be a different matter if, after my ruling, the government sought an even more severe penalty than it had originally. But the government sought precisely the same mandatory minimum penalty that Vinson had accepted in the original plea agreement. This record does not show or even suggest any prosecutorial vindictiveness. Accordingly, I will dismiss his petition without ordering the government to respond.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), I cannot issue a certificate of appealability unless a petitioner makes "a substantial showing of the denial of a constitutional right." To make this showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citations and internal quotation marks omitted). For the reasons explained above, I conclude that Vinson has not made a showing, substantial or otherwise, that this case should move forward. Thus, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner James Vinson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Dkt. 1, is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals, pursuant to Federal Rule of Appellate Procedure 22.

Entered June 10, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge